UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Ricky Nichols**, # 300177, | ) C/A No. 3:05-2985-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **NFN Hutchinson**, Doctor at Lieber Correctional Institution; | ) |
| **Amy Enloe**, Nurse for Doctor at Perry Correctional Institution; | ) |
| **NFN Bodison**, Associate Warden for SMU Holding Unit; and | ) |
| **NFN Maddock**, Inspection Leader for SMU, | ) |
| Defendants. | ) |

_____

# *Background of this Case*

The plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC). The defendants are employees of the SCDC.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's dissatisfaction with his medical care for an injured leg. The plaintiff's allegations make it clear that the plaintiff's feels that he will lose his leg if he is not treated. The plaintiff also

1

refers to his prior civil rights action in this judicial district, <u>Ricky Nichols v. Dr. Hitcherson; and Warden Bert</u>, Civil Action No. 3:04-23059-CMC-JRM. Part V of the § 1983 complaint is left blank. In other words, there is no prayer for relief.

The docket sheet in Civil Action No. 3:04-23059-CMC-JRM shows that the plaintiff wished to add Amy Enloe (the second defendant in the above-captioned case) as a defendant in the prior case. The defendants in Civil Action No. 3:04-23059-CMC-JRM filed a motion for summary judgment on March 31, 2005. The undersigned in an order filed on April 15, 2005, apprised the plaintiff of dispositive motion procedure, as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975)(district court must advise a *pro se* plaintiff confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Aside from the submission of exhibits relating to medical matters (Entry No. 20 in Civil Action No. 3:04-23059-CMC-JRM), the plaintiff did not respond to the <u>Roseboro</u> order. On May 26, 2005, the undersigned issued a "fifteen-day" order directing the

plaintiff to apprise the court whether he wished to continue to prosecute the action. The plaintiff did not respond to the "fifteen day" order.

On June 13, 2005, the undersigned recommended that Civil Action No. 3:04-23059-CMC-JRM be dismissed pursuant to Rule 41(b). The parties in Civil Action No. 3:04-23059-CMC-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Although the plaintiff requested an extension of time, no objections were filed within the period specified in the Report and Recommendation and in the thirty-day period requested by the plaintiff. On August 16, 2005, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation, dismissed the case under Rule 41(b), and denied the motion for an extension of time. The plaintiff's appeal in Civil Action No. 3:04-23059-CMC-JRM is pending before the United States Court of Appeals for the Fourth Circuit (Fourth Circuit Docket No. 05-7412).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural

provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See*

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

As mentioned earlier in this Report and Recommendation, Part V of the § 1983 complaint is left blank, and the plaintiff has not disclosed what relief (if any) he is requesting. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WESTLAW® 88804 (N.D.Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."). *See also* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an

advisory opinion[.]");[2] and Neitzke v. Williams, supra, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should

---

[2]Other portions of the decision in Herb v. Pitcairn have been superannuated by later case law. *See* Michigan v. Long, 463 U.S. 1032 (1983).

review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

                                        Respectfully submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

October 27, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The **_Serious Consequences_** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must _specifically identify_ the portions of the Report and Recommendation to which objections are made _and_ the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are _not_ sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

_Accord_ Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded _pro se_ in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

_See also_ Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a _pro se_ litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(_per curiam_)("plaintiff's objections lacked the specificity necessary to trigger _de novo_ review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
